IN THE CIRCUIT COURT OF WASHINGTON COUNTY, MISSISSIPPI

IMOGENE WATSON O/B/O THE ESTATE OF                                    PLAINTIFFS
DEREK WATSON, DECEASED, AND ON BEHALF
OF DECEDENT'S TWO MINOR CHILDREN, SINCERE ROBINSON
AND DEVONTE WHITE, AND O/B/O ALL THOSE ENTITLED TO
RECOVER UNDER THE WRONGFUL DEATH STATUTE

USDC/MSND # 4:10CV049-P-S

VS.                                                       CIVIL ACTION NO. 2009-0238 CI

CITY OF LELAND, FLASCO BRYANT, INDIVIDUALLY                    DEFENDANTS
AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER,
AND EDDIE B. JOHNSON, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS THE CHIEF OF POLICE OF LELAND, MISSISSIPPI

## COMPLAINT

COME NOW, the Plaintiffs, the Imogene Watson o/b/o the Estate of Derek Watson, Deceased, and o/b/o decedent's two minor children, Sincere Robinson and Devonte White and o/b/o all those entitled to recover under the wrongful death statue, by and through counsel and file this Complaint against the above mentioned defendants for the excessive use of force, false arrest and imprisonment, unlawful detention, violation of privacy, failure to properly hire, train, discipline, and supervise police officers, and other acts and omissions. Plaintiffs seeks damages for the deprivation by all Defendants, while acting under color of state law, of Plaintiffs's civil rights, privileges, and immunities secured and protected by the Constitution and laws of the United States of America. This action is brought pursuant to 42 U.S.C.§ 1983 and 1988, and the Fourth, Fifth, Ninth, and Fourteenth Amendments of the United States Constitution, as well as under the Constitution and law of the State of Mississippi.

## PRELIMINARY STATEMENT

This is a Federal Civil Rights action brought as a result of blatant violation of the

Received & Filed
DEC 1 1 2009
Barbara Esters-Parker, Circuit Clerk
By _____ D.C.

federal civil, constitutional and human rights of the Deceased, Derek Watson, who while handcuffed with his face down on the pavement and under the control of Officer Flasco Bryant and the Leland Police Department was shot in the back and killed. It is alleged that the Deceased rights under certain federal statutes, to include 42 U.S.C. § 1983, together with certain rights under the Constitution of the United States of America were violated. Derek Watson is survived by two children. It is on behalf of these two children that the personal representative and biological mother of the deceased, Imogene Watson files this action and prays for the relief set forth as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1343. Plaintiffs additionally invokes the supplemental and pendent jurisdiction of this Court to hear and decide claims arising under state law. Venue in this Court is appropriate pursuant to 28 U.S.C §1391 (b).

### PARTIES

2. Plaintiffs was a resident of Leland, Mississippi.

3. Defendant, City of Leland, is a municipal corporation, within the State of Mississippi, with the capacity to sue and be sued, which at all times relevant employed Defendants, Flasco Bryant and Eddie B. Johnson. Leland is located in the Northern Judicial District of Mississippi, Greenville Division.

4. Defendant, Flasco Bryant, is a person of full age of majority and a resident citizen of the Northern Judicial District of Mississippi. At all relevant times herein, Bryant was employed as a police officer by the City of Leland, Mississippi and was acting in the

-2-

course and scope of his employment and under color of state law. Bryant is made a defendant herein in both his individual and official capacities.

5. Defendant, Eddie B. Johnson, is a person of full age of majority and a resident citizen of the Northern Judicial District of Mississippi. At all times relevant herein, Eddie B. Johnson was employed as the Chief Law Enforcement Officer and granted and possessed the powers of supervision, discipline, and management over all other police officers of the Leland Police Department and was acting in the course and scope of his employment and under color of state law. Eddie B. Johnson is made a defendant herein in both his individual and official capacities.

## FACTS

6. On December 18, 2008, Samantha Williams contacted the Leland Police Department to report an incident she was involved in with Derek Watson.

7. Officer Flasco Bryant arrived at the scene to inquire about the incident. At this time, Derek Watson had already left the scene.

8. Officer Bryant advised Samantha Williams that he would apprehend Derek Watson and further stated that all Derek Watson needed was a bullet in his ass.

9. On December 18, 2008, Derek Watson was arrested and detained by Officer Flasco Bryant in Leland, Mississippi at approximately 10:00 p.m.

10. Officer Flaso Bryant preceded to place Derek Watson in handcuffs at approximately 10:00 p.m. and had him lying face down in a submissive position on the concrete blacktop of the Leland Health Department located at 801 North Broad Street, Leland, Mississippi.

11. While Derek Watson was lying face down, Officer Flasco Bryant drew his

-3-

weapon and fired and shot into the back of Derek Watson at approximately 10:00 p.m.

12. As a result of the shooting, Derek Watson died. He was pronounced dead at approximately 11:35 p.m. at Delta Regional Medical Center.

13. At no time did Derek Watson strike, attempt to strike, or intend to strike Defendant, Bryant. At no time did Derek Watson harass, threaten, resist arrest in any way, or engage in any conduct which in any way justified the actions of Bryant. Bryant's actions were not in necessary self defense.

14. The shooting of Derek Watson by Defendant, Fiasco Bryant, was unnecessary, unreasonable, and constituted the excessive use of force. The shooting was fatal to Derek Watson.

## FIRST CAUSE OF ACTION

15. Bryant, by and through his willful and unreasonable conduct, and his errors of omission and commission as described above, and while acting under color of law in his official capacity as an officer of the law and in the employ of the City of Leland, Mississippi, violated Plaintiff's civil rights by:

   a.  effecting a deliberate, malicious, and unlawful seizure of Plaintiff;
   b.  effecting a deliberate, malicious, and unlawful detention and arrest of Plaintiff;
   c.  effecting the referenced unlawful seizure, arrest and detention of Plaintiff with and through the use of excessive force; and
   d.  Unlawfully shooting Derek Watson in his back.

16. Defendants, Johnson and City of Leland, as a matter of policy, custom and practice have, with deliberate indifference, failed to adequately discipline, train or otherwise

-4-

direct police officers concerning the rights of citizens, thereby causing the violations to Plaintiffs' civil rights.

17. Defendants, Johnson and City of Leland, exercised and acted with deliberate indifference to Plaintiffs's civil rights by failing to provide adequate and reasonable procedures for hiring, training, supervision and discipline of police officers, failing to make and enforce policies and standards of police behavior designed to prevent unnecessary, unreasonably, and unjustifiable injury to citizens, failing to establish adequate procedures for and to conduct thorough internal investigations and reviews of incidents which involve injury and/or death to citizens, and failing to prohibit the use of excessive force against citizens.

18. Defendants, Johnson and the City of Leland, had actual or constructive knowledge of the persistent, widespread practice of the use of excessive force by the Leland Police Officers, and are therefore liable for the injuries and damages to Plaintiffs.

19. The actions of defendants, acting under color of state law, deprived Plaintiffs of his rights, privileges and immunities under the laws and Constitution of the United States of America, in particular, the rights to be secure in his person and property, to be free from the excessive use of force, and to due process of law. By its actions, defendants have deprived Plaintiffs of rights secured by the Fourth, Fifth, Ninth, and fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983.

20. The actions of defendants, acting under color of state law, constituted false arrest and false imprisonment, thereby depriving Plaintiffs of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983.

-5-

21. At all times relevant herein, the defendants acted wilfully, maliciously, wantonly, unreasonably, recklessly, and with deliberate indifference to the rights of Plaintiffs.

22. The acts and failure to act described herein were the direct and proximate cause of the damages and injuries to Plaintiffs.

23. The defendants are liable to Plaintiffs jointly and severally for the wrongs complained of herein.

## SECOND CAUSE OF ACTION

24. Plaintiff realleges and incorporates paragraphs 1 through 23 of the Complaint.

25. On December 22, 2008, Plaintiff mailed a notice of a claim, pursuant to Miss. Code Ann. §11-46-11. The notice of claim was received by the mayor of the City of Leland on December 29, 2008. Ninety (90) day have passed since the filing of the notice with defendants.

26. Defendants, Flasco Bryant and Eddie B. Johnson, acted in reckless disregard for the safety and well-being of Plaintiff. Plaintiff was not engaged in criminal activity at the time of the shooting.

27. Defendants, Flasco Bryant and Eddie B. Johnson, were negligent, grossly negligent and reckless at the time and place of the shooting of Plaintiff.

28. The shooting, detention, seizure and arrest of Plaintiff constituted an assault and battery on the Plaintiff.

29. The shooting, detention, seizure and arrest of Plaintiff constituted a false arrest and false imprisonment.

30. The shooting, detention, seizure and arrest of Plaintiff constituted an

-6-

intentional infliction of emotional distress.

31. The actions of defendants deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the State of Mississippi, in particular, the rights to be secure in his person and property, to be free from the excessive use of force, and to due process of law. By its actions, defendants have deprived plaintiff of rights secured by Article 3, Sections 14, 23, and 32 of the Constitution of the State of Mississippi.

32. Defendants, Flasco Bryant and Eddie B. Johnson, at the time of the shooting was acting in the course and scope of their employment with the City of Leland, Mississippi, and, the City of Leland, Mississippi is liable for the actions of defendants, Flasco Bryant and Eddie B. Johnson.

33. Flasco Bryant and Eddie B. Johnson were at all relevant times set forth herein inadequately trained, supervised and disciplined. Based upon these inadequate procedures, Flasco Bryant and Eddie B. Johnson should not have been hired and allowed to perform as a police officers. The City of Leland knew or should have known that Flasco Bryant and Eddie B. Johnson were inappropriately hired, trained, disciplined, and supervised.

34. The defendants' actions and inactions were a direct and proximate cause of the injuries and damages of Plaintiff, and constituted negligence, gross negligence, recklessness, and intentional torts, all in violation of the statutory and common law of the State of Mississippi.

**DAMAGES**

35. Plaintiffs realleges and incorporates paragraphs 1 through 23 of the

-7-

Complaint.

36. As a direct and proximate cause of the actions of defendants, Plaintiffs suffered was shot and killed. Plaintiffs is entitled to recover damages, in an amount to be determined by the jury, for the following:

1. Funeral expenses;
2. Pain and suffering;
3. Loss of enjoyment of life;
4. Loss of present net cash value of Derek Watson's life expectancy;
5. Loss of society, companionship, and consortium of the decedent;
6. All damages which the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to all interested parties;
7. Mental and emotional distress;
8. Past and future physical pain and suffering;
9. Past and future wage loss;
10. Any other relief which the Court or jury deems just or appropriate based upon the circumstances.

37. The actions and inactions of defendants, Bryant, Johnson and the City of Leland, were intentional, wilful, malicious, deliberately indifferent, and done in callous disregard for Plaintiffs's rights and safety that Plaintiffs is entitled to punitive damages.

38. Plaintiffs request cost of court, reasonable attorneys' fees and expenses, pursuant to 42 U.S.C. §1983 and §1988 and state law.

39. Plaintiffs further requests any other relief that the Court or jury deems just and appropriate, based upon the circumstances.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs requests a jury trial and after said trial requests a judgment be entered against all defendants, individually, severally and jointly, for actual and compensatory damages, plus pre-judgment (from the date of the filing of the Complaint) and post-judgment interest, attorney fees expenses and all costs accrued in this action, and any other relief which the Court or jury deems just and appropriate.

RESPECTFULLY SUBMITTED,

IMOGENE WATSON, ET AL.

BY: _____
THANDI WADE MSB#10464

THANDI WADE (MSB #10464)
TATUM & WADE, PLLC
P. O. BOX 22688
JACKSON, MISSISSIPPI 39201
(601) 948-7770

-9-